United States District Court
Southern District of Texas
**ENTERED**
May 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXASLDPC, INC., | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 4:22-CV-01781 |
| | § | |
| BROADCOM, INC., LSI | § | |
| CORPORATION, and AVAGO | § | |
| TECHNOLOGIES U.S., INC., | § | |
| Defendants. | § | |
| | § | |
| --------------------------------------------- | § | |
| | § | |
| | § | |
| DR. JOHN L. JUNKINS, | § | |
| Movant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is a Motion to Quash Non-Party Subpoena Duces Tecum, Or, Alternatively, For Protective Order Limiting Scope of Subpoena filed by John L. Junkins, an employee of the Texas A&M University System ("TAMUS"). (Dkt. 1). The Defendants in the District of Delaware case from which the subpoena was issued—Broadcom, Inc., LSI Corp., and Avago Technologies U.S., Inc.—filed a response in opposition. (Dkt. 3). After reviewing the motion, the response, the reply, and the applicable law, the Court finds the motion should be **GRANTED**.

## FACTUAL BACKGROUND

TexasLDPC, Inc. filed a patent and copyright infringement case against Defendants in the District of Delaware. One of TexasLDPC's co-founders was a former TAMUS employee; the other is a current TAMUS professor. The two co-founders are the co-named inventors of the patents at issue in the Delaware case, and TAMUS is the author of the copyrights at issue.

TAMUS has previously complied with two subpoenas served by Defendants in the Delaware case. TAMUS also provided a representative to give deposition testimony. The Defendants then issued a third subpoena seeking additional documents from TAMUS and a fourth subpoena seeking the deposition testimony of John L. Junkins, a TAMUS employee and Distinguished Professor of Aerospace Engineering. TAMUS and Junkins then filed separate motions to quash those subpoenas in this Court.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). "Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party, such as [HSNO], as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the United*

*States & Canada v. Skodam Films*, LLC, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A*., 661 F.Supp.2d 627, 629 (N.D. Tex. 2009)).

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises . . . may be set out in a separate subpoena.").

The target of a Rule 45 subpoena can file a motion to quash or modify the subpoena. Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). The moving party has the burden of proof. *See Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

## ANALYSIS

Junkins asks this Court to quash the subpoena because (1) as the employee of a state entity who was sued in his official capacity, Junkins enjoys immunity from the subpoena under the Eleventh Amendment, or, alternatively, because (2) the subpoena subjects

Junkins to an undue burden. (Dkt. 1 at 5-13). Alternatively, Junkins seeks a protective order limiting the scope of the subpoena. (Dkt. 1 at 13-14). Defendants argue that (1) Junkins waived his sovereign immunity by responding to previous discovery requests; (2) the subpoena is not unduly burdensome; and (3) Junkins has not demonstrated good cause for a protective order. (Dkt. 3 at 12-20). For the reasons discussed below, the Court agrees with Junkins that he enjoys immunity from the subpoena under the Eleventh Amendment.

The doctrine of sovereign immunity recognized in the Eleventh Amendment of the United States Constitution "is commonly distilled to the proposition that individuals may not sue a state-either in its own courts, courts of other states, or federal courts-without the state's consent." *See Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022). "[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery." *Id*. (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

As an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court. *Sullivan v. Texas A&M Univ. Sys*., 986 F.3d 593, 595 (5th Cir.). This immunity extends to employees who are sued in their official capacity, such as Junkins. *See Bryant v. Tex. Dep't of Aging & Disability Servs*., 781 F.3d 764, 769 (5th Cir. 2015)

Defendants argue that Junkins' previous engagement with the Delaware case amounted to a "voluntary appearance in federal court," thus waiving his immunity. (Dkt. 3 at 13, citing *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 243 (5th Cir. 2005)). The

4 / 5

Court finds that Junkins' involvement in the Delaware case did not waive his immunity from discovery. "A state's waiver of immunity must be unequivocal." *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000). Participating in discovery does not provide the clear, unambiguous consent to suit that is required to waive sovereign immunity. *See Yul Chu v. Mississippi State Univ.*, 901 F. Supp. 2d 761, 774 (N.D. Miss. 2012) (no waiver despite state entity "engaging in extensive discovery"); *Adams v. Texas Comm'n on Env't Quality*, No. A-06-CA-281-SS, 2007 WL 9701381, at *1 (W.D. Tex. May 29, 2007) (no waiver despite a state entity "participating in discovery, depositions, and other pretrial matters"); *Lazarou v. Mississippi State Univ.*, No. 1:07-CV-00060-GHD, 2012 WL 1352890, at *5 (N.D. Miss. Apr. 17, 2012) (no waiver despite a state entity "engaging in extensive discovery, agreeing to numerous trial settings, and otherwise participating in the case"). Thus, Junkins is able to assert immunity over the subpoena.

## CONCLUSION

Given that Junkins enjoys immunity from the subpoena and has not waived that immunity, Junkins' motion to quash (Dkt. 1) is **GRANTED**.


SIGNED at Houston, Texas on May 5, 2023.


George C. Hanks Jr
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE